UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-22032-CIV-UNGARO/SIMONTON

SOUTH MIAMI HOLDINGS, LLC,

    Plaintiff,

v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, as Receiver for
SUN AMERICAN BANK,

    Defendant.
_____/

## ORDER ON PENDING DISCOVERY MOTIONS

The Honorable Ursula Ungaro has referred this matter to the undersigned Magistrate Judge with respect to Defendant's Motion to Compel Deposition of Julio Lago (DE # 53) and Plaintiff's Motion for Enlargement of Time to Respond to Defendant's Motion to Compel Better Answers (DE # 54). Plaintiff has filed a Response to Defendant's Motion (DE # 56).[1] On March 16, 2011, this matter was before the Court for a hearing on these two motions. The Court ruled on both motions at the hearing, stating the reasons for the rulings on the record. This Order sets forth these rulings, and incorporates by reference the reasons stated on the record.

    I.    **DEFENDANT'S MOTION TO COMPEL DEPOSITION OF JULIO LAGO**

At the hearing, Defendant restated its reasons for seeking a second deposition of Julio Lago. First, Defendant pointed out that Mr. Lago was originally deposed before the present Fourth Amended Complaint had been filed. Defendant argues that the Fourth Amended Complaint marked a change in Plaintiff's theory of the case and raises issues

---

[1] Defendant's counsel stated at the hearing that Defendant no longer opposes Plaintiff's Motion for Enlargement of Time. Therefore, as indicated below, the undersigned has granted Plaintiff's Motion.

upon which Mr. Lago would have been deposed but was not, given the timing of the deposition before this Amended Complaint.  In addition, the deposition occurred before the FDIC was substituted as a party in this action.  Further, Defendant noted that Plaintiff's complete computation of damages has not been provided, and Plaintiff has identified Mr. Lago as the witness with the most knowledge regarding certain damages.  Finally, Defendant stated that it could complete its deposition of Mr. Lago in three hours or less and would avoid duplicative questioning and other overburdening of the witness.

      Plaintiff also reiterated its position from its Response.  Plaintiff argued that Defendant's late notice of deposition, while technically timely, did not provide a reasonable amount of time to complete the deposition within the timelines set by the Court's Scheduling Order.  Moreover, Plaintiff complained that the Motion should have been filed as a motion for leave to conduct a second deposition rather than a motion to compel.  Plaintiff pointed out that the Fourth Amended Complaint, though filed after Mr. Lago's deposition, has been the controlling Complaint of the case since December 2009 and, therefore, Defendant has not been presented with any recent changes to Plaintiff's theory of the case.  Finally, Plaintiff emphasized that Mr. Lago has already been extensively deposed in both his personal and professional capacities, and that Defendant is not entitled to a second deposition.

      The undersigned agrees that the eleventh hour nature of Defendant's notice that it sought a second deposition of Julio Lago, given the extended timeframe of this case, should have been avoided.  Nonetheless, the undersigned finds that the notice was timely since it was provided approximately two weeks before the deadline for discovery.  Moreover, given Mr. Lago's role as the person with the most knowledge regarding certain damages, and Plaintiff's failure to date to provide damages calculations, Defendant is

entitled to a second deposition of Mr. Lago as reasonable and appropriate.[2]  Finally, the undersigned finds that a deposition limited to three hours avoids overburdening the parties or the witness while providing relevant facts central to the parties' positions.

Accordingly, for these reasons and others stated at the hearing, as well as a review of the record as a whole, the undersigned ruled at the hearing on this matter that Defendant shall be entitled to a second deposition of Mr. Lago, limited to three hours, to occur on or before March 30, 2011, unless another date is agreed upon between the parties.

Therefore, based upon a review of the record as a whole, it is

**ORDERED AND ADJUDGED** that Defendant's Motion to Compel Deposition of Julio Lago (DE # 49) is **GRANTED**.  Plaintiff shall produce Mr. Lago for deposition on or before March 30, 2011, or at any other mutually agreeable date.  The deposition shall not be limited in scope but shall be limited in time to three hours.  It is further

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Enlargement of Time to Respond (DE # 57) is **GRANTED**.  Plaintiff shall have until March 21, 2011, to respond to Defendant's Motion to Compel Better Answers to Interrogatories, Production of Documents, and L.R. 16.1(k) Summaries from Plaintiff.

**DONE AND ORDERED** in chambers in Miami, Florida, on March 18, 2011.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:
The Honorable Ursula Ungaro
        United States District Judge
All counsel of record

---

[2] Plaintiff stated that these computations would be provided by the end of this week.