UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-22032-CIV-UNGARO/SIMONTON

SOUTH MIAMI HOLDINGS, LLC,

    Plaintiff,

v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, as Receiver for
SUN AMERICAN BANK,

    Defendant.
_____/

## ORDER GRANTING IN PART DEFENDANT'S MOTION TO COMPEL (DE # 52)

This matter arose upon Defendant's Motion to Compel Better Answers to Interrogatories, Production of Documents, and L.R. 16.1(k) Summaries From Plaintiff (DE # 52). The Honorable Ursula Ungaro has referred this motion to the undersigned Magistrate Judge (DE # 54). Plaintiff has filed a Response to Defendant's Motion (DE # 64), and Defendant has replied (DE # 68). On March 31, 2011, this matter was before the Court for a hearing on this Motion. The Court ruled on the Motion at the hearing, stating the reasons for the rulings on the record. This Order sets forth these rulings, and incorporates by reference the reasons stated on the record.

Although the Motion sets forth various discovery disputes, by the time of the hearing, the parties had narrowed those disputes so that the only remaining issues involve Interrogatories 1, 6 , 16, and 17. Those issues are addressed below.

### Interrogatory 1

This interrogatory seeks the name and position and/or relationship to South Miami Holdings, LLC ("SMH") of the person answering the interrogatories. Plaintiff initially identified this person as Julio Lago, "Manager of First Cutler Gardens, LLC, Mortgagee of

SMH."  In its amended answer, Plaintiff SMH states that "Mr. Lago is not an employee of SMH but is the corporate representative of the company in this litigation through his affiliation as the plurality shareholder of SMH's mortgagee, First Cutler Gardens, LLC." (DE # 68 at 2).  Defendant claims that the relationship between Mr. Lago and Plaintiff is not clear, and seeks further information.  In its Response, Plaintiff has not addressed this issue, presumably because it believes that the issue was resolved.

The undersigned has permitted a second deposition of Mr. Lago to be taken.  Therefore, any further clarification can be elicited at that deposition.

### Interrogatory 6

This interrogatory seeks identification of all documents that support Plaintiff's contentions as to the damages it seeks.  Defendant contends that the identification is not complete since, although it lists 11 categories of documents, it does not identify them by Bates number, and it is unclear which of its five groups of documents, produced in response to the requests for production, refer to which category of documents.  Plaintiff contends that the documents are adequately identified by description and that Bates numbers were not requested in the interrogatory.

In order to ensure that the Defendant is aware of all relevant documents, Plaintiff shall provide the Bates numbers to Defendant prior to the continued deposition of Mr. Lago.

### Interrogatories 16 and 17

These interrogatories, respectively, seek the full name and present address of each witness known to have knowledge of the subject matter of this lawsuit, and request identification of those whom Plaintiff presently intends to call as a fact witness, together with an identification of the factual matters upon which they are expected to testify.

The present dispute concerns the sufficiency of the information provided with respect to witness Timothy Richards, Esq.  Mr. Richards was added as a witness in the

Amended Answers to these interrogatories, after the initial Motion to Compel was filed. Based upon the arguments presented at the hearing, the undersigned finds that a supplemental response, which includes the information required by Fed. R. Civ. P. 26(a)(2)(C) with respect to witnesses who have not been retained, but will present evidence under Federal Rule of Evidence 702, 703 or 705, should be provided. Although Plaintiff contends that Mr. Richards will be testifying only as a fact witness, Plaintiff describes the need for his testimony as being offered to rebut the opinion testimony offered by Defendant's expert regarding the creation of SMH, and that the creation of this entity appeared fraudulent and should have raised red flags. Plaintiff states that Mr. Richards is the attorney who advised Plaintiff to create SMH for tax reasons, and that Mr. Richards has done this many times and it is a common practice. It is unclear, without a more detailed summary, whether his testimony will cross the realm between "fact witness" and "expert witness." Understandably, since this was not part of the initial Motion to Compel, Counsel for Plaintiff could not explain the nature of the tax reasons that supported the creation of SMH. Defendant argued that Mr. Richards would be offering expert testimony, and that he was not properly disclosed. Plaintiff counters that Mr. Richards is not an expert witness and that he was timely disclosed through the deposition testimony of Plaintiff's corporate representative, Mr. Lago. The undersigned finds that providing a more detailed explanation of his proposed testimony will allow Defendant to determine whether its threatened motion to strike Mr. Richard's testimony is well-founded, and whether the failure to disclose him earlier violated any discovery requirements. This supplement shall be filed within ten days from the date of this Order.

Therefore, based upon a review of the record as a whole, it is

**ORDERED AND ADJUDGED** that Defendant's Motion to Compel Better Answers (DE # 52) is **GRANTED, in part, as stated in the body of this Order.**

3

4

**DONE AND ORDERED** in chambers in Miami, Florida, on March 31, 2011.

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:
The Honorable Ursula Ungaro, United States District Judge
All counsel of record